## UNITED STATES v. ROSE et al.

### No. 351.

District Court, E. D. Arkansas,
Jonesboro Division.

March 13, 1941.

Gordon Frierson, Asst. U. S. Atty., of Little Rock, Ark., for plaintiff.

648

■■■■■■■■■■■■■■■

W. Leon Smith, of Blytheville, Ark., for defendants.

TRIMBLE, District Judge.

This suit is brought on a note executed by the defendant R. C. Rose, on the 21st day of March, 1931, to the Secretary of Agriculture of the United States of America, in the sum of five hundred dollars, with interest thereon at the rate of 3½% per annum, the proceeds of the note to be used by R. C. Rose for the purchase of capital stock of the Blytheville Cotton Finance Corporation which was organized for the purpose of crop financing pursuant to Acts of Congress for the relief of farmers. To secure the payment of the principal and interest when due the maker transferred and delivered to the Secretary of Agriculture of the United States of America together with the note, the certificate of capital stock in the Blytheville Cotton Finance Corporation which had been purchased with the proceeds of the note. The note was made at Blytheville, Arkansas, due and payable to the Secretary of Agriculture of the United States of America, at Washington, D. C. Later a renewal note was given on March 21, 1932, of like tenor and effect, bearing interest at the rate of 5½% per annum, due and payable in one year from date, and the certificate of stock in the Blytheville Cotton Finance Corporation hypothecated to secure payment.

■■■ The defendant admits the execution of the note, but contends as a defense, that the note sued on is void for the reason that it was given for the purchase of the capital stock of the Blytheville Cotton Finance Corporation in violation of Section 8 of Article 12 of the Constitution of the State of Arkansas, and cites authorities to sustain his contention on this point.

The plaintiff contends that this defense is unavailing because,

1. The contract is to be construed according to the law of the District of Columbia, and not according to the law of the 'State of Arkansas, citing authorities sustaining this contention.

2. That Section 8 of Article 12 of the Constitution of the State of Arkansas is not violated in this case, as the note was never delivered to the defendant corporation as a consideration for the purchase of the stock, the money being borrowed from the Secretary of Agriculture of the United States of America, and paid in to the Blytheville Cotton Finance Corporation for the purchase price of the stock, in order that it might be able to borrow money, citing cases and authorities in support of this contention.

The Court is of the opinion that the plaintiff is correct in both its contentions, and, therefore, judgment is ordered for the plaintiff according to the prayer of its complaint as to the defendant R. C. Rose.

It being conceded that the defendant Blytheville Cotton Finance Corporation is insolvent and its stock worthless, all matters as to the certificate of stock pass out of the case.

You will, therefore, prepare precedent for judgment, findings of fact and conclusions of law in accordance with the Court's holdings.